## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Ellen Elizabeth (Packenham) Stanley,<br><br>Plaintiff,<br><br>v.<br><br>United States of America, doing business as<br>Social Security Administration,<br><br>Defendant. | No. 19-cv-1582 (DWF/TNL)<br><br>**REPORT<br>AND RECOMMENDATION** |

Ellen Elizabeth (Packenham) Stanley, P.O. Box 21688, Eagan, MN 55121 (pro se Plaintiff); and

Ana H. Voss, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant's Motion to Dismiss (ECF No. 12), Plaintiff's Motion for Summary Judgment (ECF No. 18), and Plaintiff's Motion for Default Judgment. (ECF No. 25). These motions have been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. (ECF No. 8). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that the motion to dismiss be granted and the motions for summary judgment and default judgment be denied.

1

## I. BACKGROUND

Plaintiff Ellen Elizabeth (Packenham) Stanley alleges that "specific employees working at the Social Security Administration did in fact commit multiple acts violating" the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* 18 U.S.C. 1964(c). (ECF No. 1, p. 3). Stanley alleges that the Social Security Administration ("SSA") miscalculated and misappropriated her funds, causing her "egregious physical, psychological, and emotional harm[.]" (ECF No. 1, p. 4). It appears, based on documents that Stanley attached to her complaint, that her allegations relate to the reduction of certain benefits that she believes SSA owes her. (ECF No. 1-1).

SSA moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In response, Stanley filed a responsive memorandum and a motion for summary judgement under Federal Rule of Civil Procedure 56. When the Government did not respond to her motion for summary judgment or file a reply brief regarding its motion to dismiss, Stanley moved for default judgment under Federal Rule of Civil Procedure 55. The Court took the motions under advisement without a hearing.

## II. MOTION FOR DEFAULT JUDGMENT

To begin, Stanley seeks default judgement under Rule 55. Before seeking default judgment under Rule 55, a party must apply for entry of default by showing that "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) must precede [a] grant of a default judgment under Rule 55(b).") In this case, Stanley has not filed an application for entry of

2

default with the Clerk of Court. The Court therefore recommends that her motion for default judgement under Rule 55 be denied.

## III.   MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

Defendant has moved for dismissal under Fed. R. Civ. P. 12(b)(6) and 12(b)(1). When determining a Rule 12(b)(1) motion, courts "must distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "In a facial attack, 'the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).'" *Id*. "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id*.

In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). In doing so, the court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (citation and internal quotations omitted). Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*,

3

550 U.S. at 555). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Complaints are insufficient if they contain "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In assessing a complaint by a *pro se* plaintiff, the court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (quotation and citation omitted). "If the essence of an allegation is discernible," then the court, in applying a liberal construction to *pro se* complaints, "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Despite the liberal construal of such complaints, the *pro se* plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d 912, 914 (8th Cir. 2004)). Thus, *pro se* litigants "must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Id.* (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

The United States enjoys sovereign immunity and cannot be sued without its consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable." *Normandy Apartments, Ltd. v. United States Dep't of Housing & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009). "[A] party seeking to assert a claim against the

4

government . . . must also point to a specific waiver of immunity in order to establish jurisdiction." *Id.*

In this case, Stanley's claims arise under the civil RICO statute. *See* 18 U.S.C. § 1964. But Stanley has not identified anything in that statute to suggest the Government has waived sovereign immunity from civil RICO claims. Indeed, "every court to address the issue has found that the Federal Government and its employees are immune from suit under the civil RICO statute." *McLean v. Obama*, No. 15-cv-8, 2015 WL 3966426, at *2 (E.D. La. June 30, 2015) (collecting cases). The Court agrees with the reasoning of those cases and concludes that it lacks subject matter jurisdiction over Stanley's claim. The Court therefore recommends that this matter be dismissed without prejudice. Because the Court concludes it does not have subject matter jurisdiction over this matter, it also has no jurisdiction to consider Stanley's motion for summary judgment. The Court therefore recommends that motion be denied as well.

**IV.   RECOMMENDATION**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss (ECF No. 12) be **GRANTED** and the matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction;

2. Plaintiff's Motion for Summary Judgment (ECF No. 18) be **DENIED**; and

[continued on next page]

3. Plaintiff's Motion for Default Judgment (ECF No. 25) be **DENIED**.

Date: February 14, 2020                              *s/ Tony N. Leung*
                                                     Tony N. Leung
                                                     United States Magistrate Judge
                                                     District of Minnesota

                                                     *Stanley v. United States of America*
                                                     No. 19-cv-1582 (DWF/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).